KODIAK OILFIELD HAULERS, INC., Appellant,

v.

LOCAL 879, HOTEL, MOTEL, RESTAURANT, CAMP CONSTRUCTION EMPLOYEES AND BARTENDERS UNION; and Clyde Lorenz, Appellees.

No. 5758.

Supreme Court of Alaska.

Feb. 26, 1982.

As Amended on Denial of Rehearing April 6, 1982.

---

Steve C. Hillard and Mary Poteet, Graham & James, Anchorage, for appellant.

William B. Schendel, Fairbanks, for appellees.

Before RABINOWITZ, C. J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

MATTHEWS, Justice.

Clyde Lorenz was hired by Kodiak Oilfield Haulers [KOH] in April 1978 as a camp attendant. He worked as a cook on an oil rig on the North Slope until he was fired on October 7, 1978. On that day he had a dispute with his supervisor. Lorenz swore at the supervisor and threatened to "get [him] run off." The official reason for the termination was "unsatisfactory performance," but it is not disputed by the parties that the confrontation of October 7 was the real reason for Lorenz's termination.

Lorenz filed a grievance, and it was stipulated by the parties that the Trans-Alaska Pipeline System agreement would apply, although it had expired 3 months previously. The matter was presented to a single arbitrator and a decision without opinion was entered on December 28, 1979. That deci-

sion found that while there was "adequate cause" for a thirty day suspension without pay, termination was excessive. Immediate reinstatement was ordered. The arbitrator's written opinion in the case was issued on January 16, 1980.

In its first communication with Lorenz subsequent to the award, on February 12, 1980, KOH informed Lorenz that his employment had been terminated for dishonesty as of January 16, the date of the arbitrator's opinion. KOH relied on two of the arbitrator's findings that Lorenz had not been truthful. As part of his January 16, 1980 opinion, the arbitrator had discussed instances of Lorenz's dishonesty as they bore on his credibility. He evidently did not consider them as they bore on the merits. First, Lorenz admitted that early in his employment, he had falsely claimed to have a bad leg. Second, he admitted that, contrary to his prior claim, the charges specified on a Human Rights claim that he had filed earlier against KOH were filled in *before* he affixed his signature.

On February 14, Lorenz asked the arbitrator to consider enforcement proceedings. The arbitrator asked KOH to explain its position, stating that KOH might "not yet have fully complied with the terms of [the] award dated December 28, 1979." KOH claimed that the arbitrator's authority had ended with the January 16 opinion. KOH also stated that Lorenz's job had been eliminated. On March 15, 1980, Lorenz filed a second grievance, expressly requesting that it not be considered unless the arbitrator could not resolve the dispute under his continuing authority. The filing may have been late under the new collective bargaining agreement. On May 20, 1980, the arbitrator entered a further supplementary order, stating that:

> It is thus apparent that KOH has not complied with the Arbitrator's order to reinstate Clyde Lorenz, and its alleged reinstatement was merely an attempt to justify its decision to "discharge" him effective January 16th. Obviously, therefore, the "discharge" is not proper and has no effect in this case.

The arbitrator again ordered immediate reinstatement. KOH denied the validity of this order insofar as it clashed with the second discharge.

Lorenz then filed a petition to confirm the arbitration award in the Superior Court for the Fourth Judicial District. Following a hearing Judge Blair issued an order and judgment enjoining KOH from failing to carry out the award. KOH has appealed.

The merits of the second discharge are not under review here. Lorenz has not contested the right of an employer to discharge a dishonest employee. The arbitrator's only claim to continued authority rested on KOH's alleged failure to properly reinstate Lorenz according to the terms of the initial order. The arbitrator conceded, and Lorenz agreed, that:

> [I]f KOH had, in fact, complied with the December 28th Award ordering Mr. Lorenz's reinstatement, his subsequent discharge on January 16th would have been a separate issue and not within the scope of the Arbitrator's authority in this case. A careful examination of the facts before the arbitrator clearly indicates that KOH did not reinstate Clyde Lorenz as of December 28, 1979, however, and indeed, it had probably not reinstated him by January 16, 1980.[1]

The issue then is the nature of adequate reinstatement. The arbitrator claimed that it consisted of reinstating Lorenz at the job site and allowing him to work. KOH contends that simply placing Lorenz on the payroll was adequate.

The arbitrator is accorded great freedom in the formulation of awards. As stated in *United Steelworkers v. Enterprise Wheel And Car Corporation*, when it comes to formulating remedies,

> . . . the need is for flexibility in meeting a wide variety of situations. The draftsmen may never have thought of what specific remedy should be awarded to meet a particular contingency.

363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424, 1428 (1960). Courts defer to the arbitrator's expertise in shaping remedies. As the United States Supreme Court has stated:

> The labor arbitrator is usually chosen because of the parties' confidence in his knowledge of the common law of the shop and their trust in her personal judgment to bring to bear considerations which are not expressed in the contract as criteria for judgment. The parties expect that his judgment of a particular grievance will reflect not only what the contract says but, insofar as the collective bargaining agreement permits, such factors as the effect upon productivity of a particular result, its consequence to the morale of the shop, his judgment whether tensions will be heightened or diminished. For the parties' objective in using the arbitration process is primarily to further their common goal of uninterrupted production under the agreement, to make the agreement serve their specialized needs. The ablest judge cannot be expected to bring the same experience and competence to bear upon the determination of a grievance, because he cannot be similarly informed.

*United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409, 1417 (1960).

It is for the courts to determine, however, where jurisdiction lies. *Id.* at 582, 80 S.Ct. at 1352–53, 4 L.Ed.2d at 1417; *Piggly Wiggly Operators Warehouse, Inc. v. Piggly Wiggly Operators Warehouse Independent Truck Drivers Union Local No. 1*, 611 F.2d 580, 583–84 (5th Cir. 1980). There comes a point when the policy of deference to the arbitrator's flexibility in making an award runs afoul of jurisdictional questions. Such a case exists here where implementation of the arbitrator's form of reinstatement would be tantamount to deciding the merits of the second discharge. It is well established that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." 363 U.S. at 582, 80 S.Ct. at 1353, 4 L.Ed.2d at 1417. If

---

1. Arbitrator's Award of May 20, 1980, page 2.

there was adequate reinstatement, the validity of the second discharge must be decided under the new collective bargaining agreement.[2]

We hold that reinstatement occurred for purposes of compliance with the initial order when KOH advised Lorenz that he was terminated for dishonesty and tendered him the back pay he was due. It would have been a meaningless charade for KOH to transport Lorenz to the North Slope, log him in as at work and then discharge him. We see no reason why this should be required. From the record it appears that all or substantially all of the back pay owed to Lorenz was paid on or about February 6, and Lorenz was advised of his discharge on February 12. At that point KOH was in compliance with the arbitrator's order.[3] However, since a discharge cannot be made retroactive, Lorenz should be entitled to back pay until that date.

The judgment of the superior court is REVERSED.

**2.** *See Board of Education v. Ewig*, 609 P.2d 10, 12 (Alaska 1980); AS 09.43.120.

**3.** It is our view that Lorenz is entitled to any grievance proceedings that are available under the current collective bargaining agreement, regardless of the thirty day deadline for the filing of grievances. While we do not intend any comment on the merits of the second discharge, it would be unfair to allow KOH to profit from the procedural confusion generated by the second discharge.